```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
KENNETH HARRIS,                                 )
                                                )
                Plaintiff,                      )    COMPLAINT
                                                )
       -against-                                )    JURY TRIAL DEMANDED
                                                )
THE CITY OF NEW YORK; JOHN DOES 1-15;           )
D'AGOSTINO SUPERMARKET INC.;                    )
MATTHEW CALABRESE                               )    16-CV-07960
                                                )
                Defendants.                     )
-----------------------------------------------------------------X
```

MR. KENNETH HARRIS, ("Mr. Harris" or "Plaintiff") by his attorney, Poupa Jenny Marashi, Esq., for his Complaint, alleges as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violation of his civil rights under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff also asserts claims under New York law.

### JURISDICTION

2. The Court has jurisdiction over plaintiff's federal law claims under 28 U.S.C §§ 1331, 1343(a), (3), and (4).
3. This Court may also exercise supplemental jurisdiction over the plaintiff's state law claims that arise from the same facts and circumstances under 28 USC § 1367.

### JURY TRIAL DEMANDED

4. Plaintiff demands trial by jury of all issues properly triable thereby

1

**VENUE**

5. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c).

**THE PARTIES**

6. Plaintiff KENNETH HARRIS is a United States citizen and a citizen of the City and State of New York.
7. That at all times herein mentioned, defendant CITY OF NEW YORK (hereinafter "CITY") was and is a municipal corporation, duly organized and existing under and by virtue of the laws of the State of New York.
8. That at all times herein mentioned, defendant CITY operated, controlled and maintained a police force known as the New York Police Department ("hereinafter "NYPD").
9. Defendant City was also, at all times relevant herein, authorized to act through the New York County District Attorney's office in regard to investigation, evaluation and prosecution of alleged criminal conduct within the County of New York and City of New York.
10. That at all times herein mentioned, defendants JOHN DOES 1 through 15 were acting within the course and scope of their employment with defendant CITY.
11. That at all times herein mentioned, defendants JOHN DOES 1 through 15 were acting under color of state law.
12. The names "JOHN DOES 1 through 15" are fictitious, as these defendants' true names, genders, and identities are presently unknown.
13. These defendants are intended to be the law enforcement and/or other City personnel involved in the detention, arrest, imprisonment, and prosecution of plaintiff.
14. That defendants JOHN DOES 1 through 15 are sued herein in both their individual and official capacities.
15. That at all times herein mentioned, defendant CITY was under an obligation to use reasonable care in the hiring, training, retention, and supervision of its employees, including, without limitation, all defendants set forth above.
16. That at all times herein mentioned, D'AGOSTINO SUPERMARKET INC., ("D'AGOSTINO") was a private grocery store headquartered at 1385 Boston Post Road Suite 1, Larchmont, NY, 10538 United States
17. Defendant D'Agostino is also liable for the damages suffered by plaintiff as a result of the conduct of its agents, servants, and/or employees under the doctrine of respondeat superior.

2

18. That at all times herein mentioned, defendant MATTHEW CALABRESE (hereinafter, "CALABRESE") is a former NYPD Officer and was and is a Manager of Security and Loss Prevention employed by defendant D'AGOSTINO.
19. At all relevant times herein, the individual defendants acted jointly and in concert with each other.
20. Each individual defendant had the duty and the opportunity to protect plaintiff from the unlawful actions of the other individual defendants, but each individual defendant failed and refused to perform such duty, thereby proximately causing plaintiff's injuries.

## STATEMENT OF FACTS

21. The facts stated in this complaint are based, <u>inter</u> <u>alia</u>, on the personal knowledge of plaintiff regarding events in which he was directly involved and upon information and belief. The sources of "information and belief" factual statements are primarily documents from the underlying criminal prosecution and related public documents which are currently available to plaintiff. Those sources are incomplete, particularly, without limitation, as to numerous documents and court exhibits. This complaint is drawn without the benefit of full discovery proceedings.
22. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.
23. On October 11, 2013 Plaintiff Kenneth Harris was at the D'Agostino's Supermarket at 1074 Lexington Avenue.
24. Defendant Calabrese was also at the 1074 Lexington D'Agostino location and approached Mr. Harris, detained him, and called the NYPD.
25. When the NYPD arrived Calabrese claimed Mr. Harris was attempting to steal canned fish and that Plaintiff was not permitted to enter any D'Agostino Supermarket because Plaintiff had on August 11, 2013 signed a Trespass Notice that he would no longer enter any D'Agostino Supermarket.
26. The NYPD John Doe Officer that arrived informed Calabrese that the Trespass Notice needed to be produced in order to charge Mr. Harris with a higher charge of a felony burglary.
27. Calabrese suggested to John Doe Officer that he take Mr. Harris to the precinct, and that then Calabrese would fax the Trespass Notice to the Precinct.
28. NYPD John Doe Officer warned Calabrese that if he did not produce such Trespass Notice, he would issue Mr. Harris a Desk Appearance Ticket for a misdemeanor, and release him.
29. About 20 minutes later, Calabrese faxed the Trespass Notice to the precinct.
30. The above mentioned Trespass Notice is in fact a forged document that was never signed by Mr. Harris, nor any second witness.

31. Mr. Calabrese not only falsely provided NYPD Officers with information that Mr. Harris had intended to steal cans of fish, but then forged required signatures, fabricating the existence of a Trespass Notice which essential served to convert a misdemeanor charge into a felony charge.
32. Defendants knowingly relayed false allegations against plaintiff that they had devised to the New York County District Attorney's Office, including that on or about October 11, 2013, between 4-5 pm, inside of the 1074 Lexington D'Agostino location, in the County of New York, City and State of New York, plaintiff had violated a Trespass Notice and stolen cans of fish.
33. Defendant Calabrese acted under color of law in that he was granted by members of the NYPD and the New York County D.A.'s Office, including co-defendants herein, a status according to which defendant Calabrese acted as a deputy of the NYPD and the New York D.A.'s Office.
34. Defendant Calabrese acted under color of law in that he willfully participated jointly with members of the NYPD and the New York County D.A.'s Office in in having plaintiff detained, arrested, imprisoned, and prosecuted without justification, privilege, or probable cause.
35. Defendant D'Agostino, by and through its agents, servants and/or employees, including defendant Calabrese, willfully participated in joint activity with defendant City, its agents, servants and/or employees in having plaintiff detained, arrested, imprisoned, and prosecuted without justification, privilege, or probable cause.
36. Upon information and belief, defendant D'Agostino caused Mr. Harris' arrest based largely on the actions of defendant Calabrese.  Defendant Calabrese had final decision making authority which defendant D'Agostino relied upon.  No higher authority was sought to confirm information about any Trespass Notice.
37. Defendants made these false allegations against plaintiff with actual malice, and out of spite and ill will, and with retributive purpose.
38. Defendants engaged in the above-described conduct intentionally and/or with deliberate indifference to plaintiff's constitutional and civil rights.
39. Defendants conspired to and caused to be falsely arrested and falsely prosecuted Plaintiff, charging Mr. Harris with Burglary in the Third Degree.
40. All defendants agreed, cooperated, participated, and conspired with their co-defendants herein to assist in and effectuate plaintiff's unlawful detention, arrest, imprisonment, and malicious prosecution for a crime they knew that he did not commit, and in so doing deprived plaintiff of his rights, privileges and immunities secured by the Constitution of the United States, including, but not limited to, his rights under the Fourth and Fourteenth Amendments to the U.S. Constitution to be free from unreasonable searches and seizures and to due process of law.

41. Calabrese then both testified falsely at the grand jury and during Mr. Harris' criminal court trial regarding this October 11, 2013 incident, and referred to and provided the fabricated Trespass Notice, under penalty of perjury, despite knowing that there was no truth to those allegations whatsoever, that the allegations against plaintiff were false and completely fabricated, that there was never any legal basis to have detained or arrested plaintiff, and that there was no legal basis to prosecute him.
42. Mr. Harris was indicted and convicted of P.L. 140.20, of Burglary in the Third Degree.
43. There was no probable cause that plaintiff had committed this crimes or any other offense.
44. Mr. Harris served over 2.5 years in jail for allegedly stealing a few cans of fish.
45. The conviction is currently being appealed.

## FIRST CLAIM AGAINST ALL DEFENDANTS

### (Imprisonment Claim Under 42 U.S.C. § 1983)

46. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.
47. Defendants, while acting in concert and within the scope of their employment and authority, and without a warrant, seized plaintiff, forcibly put plaintiff into handcuffs, placed plaintiff under arrest without any reasonable cause to believe that plaintiff had committed, was committing, or was about to commit any offense, and caused plaintiff to be imprisoned and incarcerated at various facilities, and thereby deprived plaintiff of his rights, liberties, and freedoms under color of state law, including plaintiff's right to be free from unreasonable searches and seizures under the Fourth and Fourteenth Amendments to the United States Constitution.

## SECOND CLAIM AGAINST ALL DEFENDANTS

### (Malicious Prosecution Claim Under 42 U.S.C. § 1983)

48. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.
49. Defendants, acting in concert and within the scope of their employment and authority, caused plaintiff to be prosecuted with malice and without probable cause in violation of plaintiff's right to be free from unreasonable seizures under the Fourth and Fourteenth Amendments to the United States Constitution.

## THIRD CLAIM AGAINST ALL DEFENDANTS

### (Malicious Abuse of Process Claim Under 42 U.S.C. § 1983)

50. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.
51. Defendants, acting in concert and within the scope of their employment and authority, employed regularly issued process against plaintiff compelling the performance or forbearance of prescribed acts. The purpose of activating the process was intent to harm plaintiff without economic or social excuse or justification, and the defendants were seeking a collateral advantage or corresponding detriment to plaintiff which was outside the legitimate ends of the process. Such collateral objective included, but was not limited to, covering up defendants' illegal actions in knowingly arresting plaintiff without any legal basis, justification, or probable cause.
52. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and that by virtue of the aforementioned acts, plaintiff was deprived of his rights, privileges and immunities secured by the Constitution of the United States, including his rights under the Fourth and Fourteenth Amendments to the U.S. Constitution to be free from unreasonable or unlawful searches and seizures and to due process of law.

### FOURTH CLAIM AGAINST ALL DEFENDANTS

### (Failure-to-Intervene Claim Under 42 U.S.C. § 1983)

53. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.
54. Each individual defendant had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in that defendant's presence by other police officers, but failed to intervene to prevent the unlawful conduct, despite having had a realistic opportunity to do so, in violation of plaintiff's right under the First, Fourth, and Fourteenth Amendments to the United States Constitution.

### FIFTH CLAIM AGAINST ALL DEFENDANTS

### (Conspiracy under 42 U.S.C. § 1983)

55. Plaintiff repeats and re-alleges each and every allegation set forth above as though fully set forth at length herein.
56. Defendants agreed, cooperated, participated, and conspired to assist in and effectuate plaintiff's unlawful detention, arrest, imprisonment, and malicious prosecution for

crimes he did not commit, and in so doing deprived plaintiff of her rights, privileges and immunities secured by the Constitution of the United States, including, but not limited to, her rights under the Fourth and Fourteenth Amendments to the U.S. Constitution to be free from unreasonable searches and seizures and to due process of law.

### SIXTH CLAIM AGAINST ALL DEFENDANTS

**(Unreasonably Prolonged Detention Claim under 42 U.S.C. § 1983)**

57. Plaintiff repeats and re-alleges each and every allegation set forth above as though fully set forth at length herein.
58. Upon information and belief, defendants' above-described conduct, including but not limited to defendants' mishandling of exculpatory and/or impeaching evidence and their concealment, suppression, and/or failure to turn said evidence over to the prosecution or the defense, and their intimidation, threats, coercion, and deceit of witnesses, engaged in under color of state law, violated rights, privileges and immunities secured to plaintiff by the Constitution of the United States of America including, inter alia, plaintiff's Fourth and Fourteenth Amendment right to be free from continued detention after it was or should have been known that plaintiff was entitled to release, as articulated in Russo v. City of Bridgeport, 479 F.3d 196 (2d Cir. 2007).
59. Defendants acted with deliberate indifference to a plaintiff's rights if he or she consciously disregards a known risk that his or her actions will deprive the plaintiff of the plaintiff's rights. Id.
60. Plaintiff had a right to be free from continued detention stemming from defendants' intimidation and coercion of witnesses, and their mishandling, concealment, and/or suppression of the exculpatory and/or impeaching material described above, and defendants violated that right.
61. That said Constitutional right arises both from plaintiff's Fourth Amendment right to be free of unreasonable searches and seizures and plaintiff's Fourteenth Amendment right to substantive due process.
62. Defendants conduct in this regard was so egregious and outrageous as to shock the conscience.

### SEVENTH CLAIM AGAINST ALL DEFENDANTS

**(Violation of Due Process Under 42 U.S.C. § 1983)**

63. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.
64. By the conduct and actions described above, defendants while engaged in under the color of state law, conspired to interfere with and violate rights secured to plaintiff by the Constitution of the United States in violation of 42 U.S.C. § 1983, including, but not limited to, plaintiff's Fourth and Fourteenth Amendment rights.
65. Defendants, through the actions alleged above, consciously disregarded known and excessive risks to plaintiff's liberty and welfare and engaged in a deliberate and unjustified effort to manufacture guilt against plaintiff in furtherance of a plan to secure and sustain a conviction against plaintiff at all costs.
66. This included a course of conduct and pattern of behavior whereby defendants, inter alia, created and fabricated evidence to create the appearance of probable cause to believe that plaintiff had committed the crime of Burglary in the Third Degree, intentionally and maliciously concealed material exculpatory evidence, suborned perjurious testimony, developed and cultivated witnesses to testify falsely, and unduly and improperly influenced the statements and testimony of witnesses through deceit and other means.

## NINTH CLAIM AGAINST ALL DEFENDANTS

### (Violation Of Plaintiff's Rights Under The New York State Constitution)

67. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.
68. Defendants, acting in concert and within the scope of their employment and authority, consciously disregarded known and excessive risks to plaintiff's liberty and welfare and engaged in a deliberate and unjustified effort to manufacture guilt against plaintiff in furtherance of a plan to secure and sustain an unjust conviction against him.
69. Upon information and belief, this included a course of conduct and pattern of behavior whereby defendants, inter alia, created and fabricated evidence to create the appearance of probable cause to believe that plaintiff had committed one or more offenses, intentionally and maliciously concealed material exculpatory evidence, and unduly influenced the statements and testimony of witnesses by means of threats, coercion, violence, or deceit.
70. That by virtue of the aforementioned acts, defendants deprived plaintiff of his liberty and property without due process of law, in contravention of Article I, § 6 of the New York State Constitution.

71. Defendant City and D'Agostino is also liable for the damages suffered by plaintiff as a result of the conduct of its agents, servants, and/or employees under the doctrine of <u>respondeat superior</u>.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff demands the following relief jointly and severally against all the defendants:

a. Compensatory damages in an amount to be determined at trial;

b. Punitive damages in an amount to be determined at trial;

c. Attorney's fees pursuant to 42 U.S.C. § 1988;

d. An award of plaintiff's costs of suit;

e. Pre-judgment and post-judgment interest;

f. Such other relief as this Court deems just and proper.

Dated this 11th day of October, 2016

/s/
_____

P. Jenny Marashi, Esq.
Law Office of Poupa Jenny Marashi
930 Grand Concourse #1E
Bronx, NY 10451
Tel.: (917) 703-7142

Attorney for Plaintiff