USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/24/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                         :
KENNETH HARRIS,                      :
                                                         :
                                       Plaintiff,    :           1:16-cv-07960-GHW
                                                         :
                 -against-                       :
                                                         :          MEMORANDUM OPINION
CITY OF NEW YORK, *et al.*,           :                 AND ORDER
                                                         :
                                         Defendant.    :
                                                         :
------------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

       Plaintiff Kenneth Harris brings various claims under 42 U.S.C. § 1983, including false arrest, malicious prosecution, abuse of process, failure to intervene, conspiracy, "[u]nreasonably [p]rolonged [d]etention," and "[v]iolation of [d]ue [p]rocess." Compl., ECF No. 1, at 5-7. Each of these claims is premised upon Plaintiff's arrest, prosecution, and conviction for Burglary in the Third Degree. Compl. ¶¶ 21-44. As alleged in the complaint, Plaintiff's conviction "is currently being appealed" and has not yet been reversed or otherwise invalidated. Compl. ¶ 45. For the reasons that follow, Plaintiff's complaint is dismissed without prejudice.

### I. HECK V. HUMPHREY

       Under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), a Section 1983 plaintiff may not "recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless he "prove[s] that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." If judgment in favor of a Section 1983 plaintiff would "necessarily imply the invalidity of his conviction or sentence," the complaint

"must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has been invalidated." *Id.*; *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (holding that Section 1983 actions are "barred (absent prior invalidation) … if success in that action would necessarily demonstrate the invalidity of confinement or its duration" (emphasis omitted)); *Lynch v. Suffolk Cnty. Police Dep't, Inc.*, 348 F. App'x 672, 674 (2d Cir. 2009) (holding malicious prosecution claim barred by *Heck* where plaintiff's convictions had not been invalidated); *Amaker v. Weiner*, 179 F.3d 48, 51-52 (2d Cir. 1999) (holding that *Heck* barred claims that plaintiff's "right to meaningful court access ha[d] been denied by the withholding of exculpatory evidence" and that he had been subject to a "conspiracy to frame [him] for murder"); *Channer v. Mitchell*, 43 F.3d 786 (2d Cir. 1994) (affirming dismissal of Section 1983 action against police officer for perjury and coercion of witnesses where plaintiff had not proved his conviction had been invalidated); *Whaley v. Lopez*, No. 12-cv-2889(SJF)(ARL), 2012 WL 3137900, at *8 (E.D.N.Y. July 30, 2012) (dismissing false arrest and malicious prosecution claims as barred by *Heck*).

On October 13, 2016, the Court ordered Plaintiff to show cause as to why his claims should not be dismissed as barred by the rule set forth in *Heck* in light of the fact that each of his claims appears plainly to require proof of at least one element that would necessarily imply the invalidity of his outstanding criminal conviction. ECF No. 9. Plaintiff responded to the Court's order on October 18, 2016, conceding that he "cannot maintain his false arrest claims." ECF No. 10, at 1. Plaintiff did not address his remaining claims. Therefore, the Court now finds that each of Plaintiff's claims is barred by *Heck*.

## II. REQUEST FOR STAY PENDING APPEAL OF STATE CRIMINAL CONVICTION

In his response to the Court's Order to Show Cause, Plaintiff requests that the Court stay this action pending the appeal of his criminal conviction, rather than dismissing it. ECF No. 10, at 1. In support of this request, Plaintiff argues that the Supreme Court "recognized the

appropriateness of staying a civil action in this situation" in *Wallace v. Kato*, 549 U.S. 384 (2007). *Id.* Plaintiff misreads *Wallace*, which in fact makes clear that a stay under these circumstances is inappropriate:

> If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck will require dismissal*; otherwise, the civil action will proceed, absent some other bar to suit.

549 U.S. at 393-94 (emphasis added) (citations omitted). Where, as here, a Section 1983 plaintiff has been convicted, and that plaintiff's claims would necessarily imply the validity of that conviction, the Court must dismiss the suit.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's complaint is dismissed without prejudice. The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: October 24, 2016  
New York, New York

GREGORY H. WOODS  
United States District Judge